UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN D.,<br><br>                    Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>                    Defendant. | CASE NO. 2:17-cv-1895 JLR-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE: November 2, 2018 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 11, 12, 13.

After considering and reviewing the record, the Court finds that the ALJ's decision is not based on substantial evidence in light of the new evidence plaintiff submitted to the Appeals Council. Plaintiff informed the ALJ at his hearing that he was scheduled to see an orthopedic specialist after the hearing, however, the ALJ issued an unfavorable decision before plaintiff

could submit the new evidence from the specialist. The records that were submitted to the Appeals Council have a reasonable possibility of changing the disability determination because the specialist noted that plaintiff required total hip replacement, should use a cane, and should modify his activities. There is a reasonable possibility that the ALJ may add additional limitations to the RFC when considering the new evidence. Therefore, this matter should be remanded for a new hearing to consider the new evidence.

Accordingly, this Court recommends that this matter be remanded pursuant to 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, NATHAN D., was born in 1975 and was 38 years old on the alleged disability onset date of August 3, 2013. *See* AR. 104, 265. Plaintiff has an associate's degree, and work history as a line cook and ice cream maker. AR. 80-81. Plaintiff stopped working because of anger outbursts and difficulty getting along with coworkers. AR. 80-81.

According to the ALJ, plaintiff has at least the severe impairments of "hip degenerative joint disease; obesity; anxiety disorder; and affective disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 33.

At the time of the hearing, plaintiff was living alone in an apartment. AR. 65-66.

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following

reconsideration. *See* AR. 104, 110, 120, 133, 148, 163. Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on December 13, 2016. *See* AR.31. On May 19, 2017, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR.28.

With his request for Appeals Council review, plaintiff submitted additional medical evidence. AR. 8-19, 21-22, 53-56. On November 30, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1-7; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on June 23, 2017. *See* Dkt. 1. Defendant filed the sealed administrative record regarding this matter ("AR.") on March 5, 2018. *See* Dkt. 9.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred when assessing plaintiff's RFC as of August 1, 2015, because she failed to properly consider plaintiff's testimony of the pain and limitations imposed by the hip impairment and failed to consider all of the medical evidence after that date; (2) Whether the Commissioner

failed to properly consider the new and material medical evidence and opinions which warrant remand; (3) Whether the ALJ erred in finding plaintiff can perform "other work" at step 5. Dkt. 11, p.1.

### I. Whether the Commissioner failed to properly consider new evidence.

Plaintiff asserts that the Commissioner failed to properly consider new and material medical evidence which was submitted to the Appeals Council. The Court may review new evidence presented first to the Appeals Council when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (*citing Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). The Ninth Circuit did not require a finding that plaintiff had good cause for failing to produce the new evidence earlier. *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1162 (9th Cir. 2012); *see also Ramirez,* 8 F.3d at 1451-54; *see also Taylor,* 659 F.3d at 1232. Moreover, the Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added). Therefore, this Court considers whether the ALJ's decision was based on substantial evidence, including the evidence submitted to the Appeals Council after the hearing.

At the hearing, plaintiff noted that he had future appointments regarding his impairments. AR. 62. The ALJ replied that she would "consider the record closed as of today. As for ongoing, future appointments, I don't consider them to be probative unless there's something that, you know, surfaces that might change the decision one way or the other." AR. 62. In his opening

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

1 statement, plaintiff's attorney stated that plaintiff made effort to obtain a consultative

2 examination based on new left hip imaging, but that plaintiff was unable to afford the

3 appointment. AR. 63. Plaintiff then requested that the ALJ send plaintiff for an updated

4 consultative examination to determine his physical capacity based on a new x-ray which the

5 previous consultative examiner did not have access to. AR. 63. The ALJ clarified that the most

6 recent x-ray in the record of plaintiff's hip was from August 2015 and showed "quite a bit of

7 progression of the osteoarthritis in the hip" as compared to the previous x-ray. AR. 64. The ALJ

8 denied this request because she believed "the evidence in the claimant's file is sufficient to

9 render a decision." AR. 31. The ALJ held the record open for five days after the hearing. AR. 31.

10       Plaintiff's future appointment with an orthopedic specialist took place on February 6,

11 2017—six weeks after his hearing. AR. 53-56.  Plaintiff states that he did not receive the records

12 from this appointment until after the ALJ issued her decision in May 2017. Dkt. 11, p. 14.  The

13 specialist compared a recent x-ray of plaintiff's left hip with the x-ray from August 2015. AR.

14 55. The specialist noted that plaintiff had "advanced left hip osteoarthritis with complete loss of

15 joint space superiorly, marginal osteophytes, and subchondral sclerosis." AR. 55. The specialist

16 noted that plaintiff would need a total hip replacement but would have to lose weight to be

17 eligible for surgery. AR. 55. The specialist also reviewed conservative treatment options

18 including activity modification and using a cane. AR. 55. Finally, the specialist noted that

19 plaintiff's left hip osteoarthritis was gradually worsening. AR. 55.

20       New evidence submitted after a hearing must be material and relate to the period on or

21 before the date of the hearing. 20 C.F.R. §404.970(a)(5). The Ninth Circuit has held that

22 "evidence is sufficiently material to require a remand 'only where there is a *reasonable*

23 *possibility* that the new evidence would have changed the outcome of the Secretary's

24

determination.'" *Booz v. Secretary of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984) (emphasis in original)(*citing Dorsey v. Heckler,* 702 F.2d 597, 604 (5th Cir. 1983)). The Court in *Booz* also stated that "the materiality of new evidence should not be tested as strictly in the administrative [context], as in the judicial context." *Id.* at 1381.

Here, the evidence plaintiff submitted to the Appeals Council relates to the time of the hearing because plaintiff alerted the ALJ to the fact that an appointment was pending. AR. 63. The appointment was held six weeks after the hearing, and the specialist noted that plaintiff's hip condition was "gradually worsening," indicating that it was unlikely to have drastically worsened between the hearing and the appointment. AR. 55.

The evidence does have a reasonable possibility of changing the outcome of the ALJ's decision. The orthopedic specialist opined that plaintiff would require total hip replacement, but was not yet eligible for surgery due to his weight. AR. 55. The specialist noted that conservative treatment prior to surgery would include activity modification and using a cane. AR. 55. While this Court cannot determine to what extent activity modification and the use of a cane would change the RFC, it does present the reasonable possibility that additional limitations would be added to the RFC. A more restrictive RFC may result in a finding that plaintiff is disabled.

Defendant concedes that a case may be remanded when the record contains evidence submitted for the first time at the Appeals Council. Dkt. 12, p. 4-5. However, defendant also states that evidence acquired after the hearing for the purpose of attempting to gain disability benefits is less persuasive. Dkt. 12, p. 5, *see Macri v. Chater,* 93 F.3d 540, 545 (9th Cir. 1996). As discussed above, plaintiff's appointment with the orthopedic specialist was scheduled prior to the hearing, and took place a mere six weeks after the hearing. The specialist noted that plaintiff's hip condition was gradually worsening, which indicates that plaintiff's hip condition

was at the same level of severity at the time of the hearing. AR. 55. Moreover, although a finding of good cause is not required by the Ninth Circuit, the Court in *Booz* found good cause for failing to submit evidence prior to the proceedings where Booz had limited financial means and was "unable to find a qualified specialist to review his records within the time allotted by the ALJ." *Booz,* 734 F.2d at 1380; *see also* 20 C.F.R. §404.970(a)(5). Here, plaintiff was similarly unable to afford a consultative examination to review his x-ray prior to the hearing. Plaintiff had obtained a referral and notified the ALJ at the hearing that he would be seeing an orthopedic specialist after the hearing.

In sum, this Court concludes that there is a reasonable possibility that the evidence plaintiff submitted to the Appeals Council has a reasonable possibility of changing the disability determination.

**II.     Plaintiff's remaining arguments.**

Plaintiff contends that the ALJ failed to give clear and convincing reasons for rejecting plaintiff's testimony regarding his symptoms and limitations. Dkt. 11, p.1. In section one, the Court concluded that the new evidence submitted to the Appeals Council has a reasonable possibility of changing the disability determination. Therefore, the ALJ must re-evaluate all of the medical evidence on remand. On remand, plaintiff will be able to present new evidence and new testimony. *See* Program Operations Manual System (POMS), GN 03106.036 Court Remand Orders, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited October 16, 2018) ("[A] court order vacating the [ALJ's] prior decision and remanding the case to the Commissioner voids the prior decision ... and thus returns the case to the status of a claim "pending" before SSA….The ALJ processes the case in the same way as a regular hearing and issues a decision."); *see also Bartlett v. Berryhill,* 2017 WL 2464117, at *4 (W.D. Wash. June 7, 2017). The ALJ's

1  reconsideration of the medical evidence and any new evidence or testimony may impact her
2  assessment of plaintiff's subjective testimony, which may also lead to additional limitations to
3  plaintiff's RFC.
4      Plaintiff also asserts that the ALJ erred in finding plaintiff can perform "other work" at
5  step five. Dkt. 11, p.1. Because this Court concluded in section one that the new evidence has a
6  reasonable possibility of changing the outcome, the ALJ should reconsider plaintiff's RFC in
7  light of the new evidence. Reconsidering the RFC will necessarily require the ALJ to reevaluate
8  whether plaintiff is capable of "other work" at step five.
9      Therefore, on remand, the ALJ must reconsider plaintiff's testimony and reevaluate
10 plaintiff's RFC in light of the new evidence.

**III.    Remedy.**

12     Generally, when the Social Security Administration does not determine a claimant's
13 application properly, "'the proper course, except in rare circumstances, is to remand to the
14 agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595
15 (9th Cir. 2004) (citations omitted). Here, plaintiff's request for relief is that this matter be
16 remanded for further proceedings.

CONCLUSION

19     Based on these reasons, and the relevant record, the undersigned recommends that this
20 matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to
21 the Acting Commissioner for further proceedings consistent with this Report and
22 Recommendation. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3 | 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
4 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5 | imposed by Rule 72(b), the clerk is directed to set the matter for November 2, 2018, as noted in
6 | the caption.
7 | Dated this 17th day of October, 2018.

_____
J. Richard Creatura
United States Magistrate Judge